Wright, J.
The question raised is this: Can a proceeding in partition, under the code, be maintained when the title of the parties plaintiff to the premises sought to be divided is denied?
Under the former system of procedure, it has been claimed that, if the question of title is raised, that question must first be settled before steps in partition can be had. Under this system #lso there were two kinds of partition : the statutory proceeding, and that in equity. If partition were sought in equity, and questions of title arose, solely triable in a court of law, an issue out of chancery might be necessary before the cause could proceed. In a suit at law for statutory partition, if title were denied, the cause could not be converted into an action of ejectment. Under the code, however, as we apprehend, the same difficulties do not arise. The civil action is comprehensive in *120 its nature, and when it is used for the partition of lands, it is at least fully as effective as the former equitable proceeding.
In this case the petition asks not only for partition, but also for an account of rents and profits — an end usually sought by bill in chancery.
But, furthermore, the defendant, in his answer avers that the property of intestate had been conveyed to the various heirs, and prays that these conveyances may be affirmed and established; but, if not, that all said property may be divided. This is asking affirmative relief of an equitable nature. The whole case, therefore, becomes analogous to the old partition in equity. It further appears, from the reply, that the title set up by the defendant is not a legal, but an equitable one. The deed spoken of, by which George S. Richardson is said to have conveyed to Thos. J. and Vm. P. Richardson, appears to be not a regular deed, but rather a contract to convey. At least the interposition of a court of equity would be required to make this paper a deed. It has no seal, and is not acknowledged. Under these circumstances, the defendant himself making the case one in equity, the title he claims not being a legal one, asks that the case be dismissed, because he has denied title in the plaintiff.
Under the code, this action standing as it does, it seems to us there is no ground for such a motion. A court may well proceed to fully determine all the rights of the parties as they appear upon this record — that relating to title, as well as others that may arise.
It is not necessary for us to settle now what might be done, or what might not be done, in a strict statutory partition. This is not tb at case. The pleadings, taken together, show a partition asked and an equitable title-set up to defeat the plaintiff in the right he asks.- We do not think the defendant can accomplish such an end in the manner proposed, and the motion to dismiss is overruled.
Scott, Chief Judge, Day, Whitman, and Johnson, JJ., concurred.